IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00106-BNB

THOMAS HUGHES,

    Applicant,

v.

EL PASO COUNTY COURT, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Thomas Hughes, is a prisoner in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility at Pueblo, Colorado. Mr. Hughes has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Hughes is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Hughes will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient because Mr. Hughes has failed to complete the habeas corpus application form. He fails to provide specific information regarding the conviction he is challenging, he fails to allege how he has exhausted state court remedies for the claims he is raising, and he fails to specify the relief he is seeking. Most importantly, Mr.

Hughes fails to assert specific facts in support of the claims he is raising to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Hughes go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Hughes will be ordered to file an amended application. Mr. Hughes must complete the entire habeas corpus application form, he must identify the specific claim or claims for relief he is asserting, and he must provide specific facts in support of each asserted claim. Accordingly, it is

ORDERED that Mr. Hughes file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Hughes, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Hughes fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED January 18, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00106-BNB

Thomas Hughes
Prisoner No. 120079
San Carlos Correctional Facility
PO Box # 3
Pueblo, CO 81002

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 1/18/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk