IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00106-BNB

THOMAS P. HUGHES,

    Applicant,

v.

FOURTH JUDICIAL DISTRICT DIV. #1, COURTROOM #1, EL PASO COUNTY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO SPRINGS/EL PASO
COUNTY,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant Thomas Hughes is a prisoner in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility at Pueblo, Colorado. Mr. Hughes initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 apparently challenging the validity of a state court criminal conviction and sentence. On January 18, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Hughes to file an amended habeas corpus application that clarifies the claims he is asserting, how he has exhausted state court remedies, and what relief he is seeking in this action. On January 31, 2008, Mr. Hughes filed an amended habeas corpus application.

The Court must construe the amended application liberally because Mr. Hughes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court

should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended habeas corpus application and dismiss the action.

Mr. Hughes fails to clarify in the amended application the specific claims for relief he is asserting. In addition, he still fails to assert specific facts in support of the claims he is raising to demonstrate that his federal constitutional rights have been violated. As Mr. Hughes was advised by Magistrate Judge Boland in the order directing Mr. Hughes to file an amended application, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires more than notice pleading, see ***Blackledge v. Allison***, 431 U.S. 63, 75 n.7 (1977), and naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254, see ***Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Hughes also fails to demonstrate that he has exhausted state court remedies for the claims he intends to assert in this action. In fact, Mr. Hughes concedes in the amended application that he has not exhausted state court remedies because he alleges that he has not fairly presented his claims to the state's highest court.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See ***O'Sullivan v. Boerckel***, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. See

2

*Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Therefore, even if the Court could construe the amended application liberally to assert a federal constitutional claim for relief, the instant action still must be dismissed for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 27 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00106-BNB

Thomas Hughes
Prisoner No. 120079
San Carlos Correctional Facility
PO Box # 3
Pueblo, CO 81002

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/27/08

                                      GREGORY C. LANGHAM, CLERK

                            By: _____
                                         Deputy Clerk